## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN CELLA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO.:** |
| **PAPA JOHN'S USA, INC.,** | § § § | _____ |
| **Defendant.** | § § § § § | **JURY DEMAND** |

## **COMPLAINT**

### I.   INTRODUCTION

1. Plaintiff John Cella brings this action under the Americans with Disabilities Act of 1990 (hereafter "ADA"), 42 U.S.C. 12111 *et seq.* Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

### II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

3. Venue is proper in this Court, as the unlawful employment practices alleged herein below were committed by the Defendant within Houston County, Alabama.

1

**III.   PARTIES**

4.   Plaintiff John Cella (hereafter "Cella") is a male citizen of the United States and a resident of Alabama. Cella is over nineteen years of age and has a disability as the term is defined by the ADA. At all times relevant to this Complaint, Plaintiff was an employee of Defendant Papa John's Usa, Inc.

5.   Defendant Papa John's Usa, Inc. (hereafter "Papa John's") is an "employer" within the meaning of the ADA, and employs more than 15 employees.

**IV.   ADMINISTRATIVE EXHAUSTION**

6.   The Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment.  The Plaintiff filed this discrimination suit within 90 days of his receipt of the right-to-sue letter.

**V.   STATEMENT OF FACTS**

7.   Cella is an individual with a disability, specifically arthritis/osteoarthritis. Alternatively, Papa John's regarded him as disabled.

8.   Upon his hiring, Cella disclosed his condition and followed company procedures to request reasonable accommodations.

9.   After submitting documentation in support of his request, Papa John's removed Cella from the work schedule in or around July 2024, stating he could not return to work until he "cleared corporate."

10. Cella provided additional documentation as requested by the corporate office.

11. Despite his compliance, Cella was informed by a manager, Daniel Burford, that he had been terminated. Burford told Cella he could reapply for employment.

12. Cella reapplied, was scheduled for an interview, but no representatives from Papa John's appeared for the interview.

13. Cella's removal from the schedule, termination, and rejection of his reapplication followed his request for a reasonable accommodation.

## VI. CAUSES OF ACTION

### A. TITLE I OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE

14. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set forth herein.

15. Cella disclosed his medical conditions to Papa John's.

16. In both the presence and absence of reasonable accommodations, Cella could perform the essential functions of his job.

17. Cella requested reasonable accommodations per Papa John's protocol.

18. Papa John's failed to engage in the interactive process, and failed to provide reasonable accommodations.

19. As a direct and proximate result of Papa John's unlawful actions and/or inactions, Cella has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other non-pecuniary losses.

### B. TITLE I OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION

20. Cella realleges and incorporates paragraphs 1 through 14 above as if fully set forth herein.

21. Cella engaged in protected activity when he submitted medical documentation and formally requested reasonable accommodations for his disability in accordance with Papa John's policies.

22. Following Plaintiff's request, Papa John's removed him from the work schedule and informed him he could not return until he had been "cleared by corporate."

23. Plaintiff complied with all requests for documentation, but instead of being returned to work, he was informed by management that he was terminated.

24. Plaintiff then reapplied for work with Papa John's. While Papa John's scheduled an interview in response, no representatives from Papa John's appeared for the interview, effectively rejecting Cella's application without explanation.

25. The adverse actions taken against Plaintiff, including his removal from the schedule, termination, and the refusal to rehire him, occurred shortly after and because of his requests for accommodation.

26. Papa John's actions constitute unlawful retaliation in violation of the ADA.

27. As a direct and proximate result of Papa John's unlawful retaliation, Cella has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other non-pecuniary losses.

### C. TITLE I OF THE AMERICANS WITH DISABILITIES ACT – DISPARATE TREATMENT

28. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set forth herein.

29. Cella was treated less favorably than similarly situated, non-disabled employees.

30. Similarly situated employees were not removed from Papa John's work schedule or terminated without explanation, as was the case with Cella.

31. Papa John's terminated Cella because of his actual and/or perceived disability.

32. Such an adverse employment action constitutes unlawful discrimination which is violative of the ADA.

33. As a direct and proximate result of Papa John's unlawful retaliation, Cella has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other non-pecuniary losses.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

A. Declare that Defendant's conduct violated the Americans with Disabilities Act, including provisions related to failure to accommodate, disparate treatment, and retaliation;

B. Order Defendant to adopt and implement policies, practices, and training to ensure compliance with the ADA and prevent future unlawful discrimination and retaliation;

C. Award Plaintiff back pay, including lost wages, benefits, and other compensation lost as a result of Defendant's unlawful conduct;

D. Award front pay or, alternatively, reinstatement to Plaintiff's former position or an equivalent position;

E. Award compensatory damages for emotional distress, humiliation, loss of reputation, inconvenience, and mental anguish resulting from Defendant's unlawful actions;

F. Award punitive damages to punish Defendant for its willful, malicious, or reckless violations of the ADA and to deter similar conduct in the future;

G. Award reasonable attorneys' fees, expert witness fees, and costs incurred in pursuing this action

H. H. Grant such other and further legal or equitable relief as this Court deems just and proper.

Dated: April 7, 2025

                                                                /s/ Eric C. Sheffer
                                                                Eric C. Sheffer

**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**